USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 17 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
Walter Arnstein, Inc., d/b/a The Natural Sapphire :
Company, :
                     Plaintiff, :      11 Civ. 5079 (AJN)
:
     -v-                                    :        ORDER
:
:
Transpacific Software Pvt. Ltd. and :
Prashant Telang, :
                     Defendants. :
:
------------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

      Plaintiff commenced this action July 22, 2011 by filing a complaint in this Court. (Dkt #1) Plaintiff amended the complaint on October 18, 2011. (Dkt. #5) Pursuant to Article 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff served the Amended Complaint on Defendant Prashant Telang ("Mr. Telang") on March 12, 2012. (Dkt. #17) Mr. Telang answered the Amended Complaint on March 20, 2012. (Dkt. #12) Defendant Transpacific Software Pvt. Ltd. ("Transpacific") has not responded to the Amended Complaint or otherwise appeared in this action.

      On June 29, 2012, Plaintiff moved this Court for a finding that service has been effected on Defendant Transpacific Software Pvt. Ltd. ("Transpacific"). (Dkt. #19) By order dated July 2, 2012, Transpacific was given until July 20, 2012 to respond to Plaintiff's motion, (Dkt. #23), which Transpacific has failed to do. For the reasons that follow, the Court finds that service has been effected on Transpacific.

      As Plaintiff notes in his motion, Article 15 of the Hague Convention ("Article 15") permits a court to obtain jurisdiction over a foreign defendant even when a certificate of service or delivery has not yet been obtained, if:

      a) the document was transmitted by one of the methods provided for in the Hague Convention;

1

b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Plaintiff has met these requirements. On December 12, 2011, Plaintiff served the Indian Ministry of Law and Justice with the Summons and Amended Complaint to be served on Transpacific. (Dkt #21) As of June 29, 2012, Plaintiff had not yet received a certificate of service, and the Indian Ministry of Law and Justice had not responded to requests for information on the status of service. (*Id.*) In light of these facts, the Court finds that it would not be violative of the Hague Convention to exercise jurisdiction over Transpacific.

Furthermore, deeming service effective on Transpacific comports with constitutional norms of due process, which requires notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *RSM Prod. Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 37713, at *2 (S.D.N.Y. May 24, 2007). Plaintiff has served Mr. Telang, a corporate officer of Transpacific, Mr. Telang has appeared and answered the Amended Complaint, and Mr. Telang has engaged in settlement discussions with Plaintiff, (Dkt #26). Additionally, Plaintiff's motion and supporting papers were served via first class mail on Transpacific and Telang, (Dkt. #20), and Transpacific has been given ample opportunity to respond. For these reasons, the Court deems service effective on Transpacific.

SO ORDERED.

Dated: August 17, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

e-mailed
COPIES ~~MAILED~~
TO ~~COUNSEL~~ OF RECORD ON 8/17/12
Pro-Se Party